United States District Court
Southern District of Texas
**ENTERED**
December 31, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Judy L. Landrum, on behalf of herself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action H-20-728 |
| Midland Credit Management, Inc., Defendant. | § § § | |

# Report and Recommendation

Judy Landrum brought a class action complaint against Midland Credit Management, Inc. (MCM) alleging that envelopes and letters that MCM used to collect Landrum's consumer debt violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–1692p. MCM has moved under Federal Rule of Civil Procedure 12(c) to dismiss several claims that are based on wording MCM used on its envelopes. Central to MCM's arguments is whether this court is bound by the holding in *Goswami v. Am. Collections Enter.*, 377 F.3d 488 (5th Cir. 2004). The court recommends that MCM's motion be granted in part and denied in part.

## 1. Background

Landrum defaulted on the consumer credit card debt she owes to Synchrony Bank. (D.E. 1 (Compl.) ¶¶ 23–25.) Synchrony Bank transferred to MCM Landrum's account and the right to collect defaulted receivables. *Id.* ¶ 26. MCM mailed three debt collection letters to Landrum. *Id.* ¶¶ 43–101.

The first letter was dated July 16, 2019, which Landrum refers to as the "Welcome! Letter." Compl. ¶ 43. Printed on the envelope containing the letter were the phrases "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT INFORMATION ENCLOSED" and

"ATTENTION REQUESTED." *Id.* ¶ 44. The Welcome! Letter explained that Landrum's debt was sold to MCM and that the balance was $778.68. *Id.* ¶¶ 47, 53. The letter included the statements "Flexible payment options available" and "Reply by 8/31/2019." *Id.* ¶¶ 54, 57. The letter also stated, "[w]e are not obligated to renew any offers provided." *Id.* ¶ 63.

The second letter Landrum received was dated October 19, 2019. Compl. ¶ 67. Printed on the envelope were the phrases "**TIME SENSITIVE DOCUMENT**" or "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED." *Id.* ¶ 70. In a large font, the letter made the offer, "Judy! Pay by 11/18/2019 Save 10%." *Id.* ¶ 72. It further explained that Landrum could lower the debt to $700.81 from $778.68. *Id.* ¶ 75. The letter also stated that the discount offer was an exclusive offer for Landrum's Synchrony account. *Id.* ¶ 73. Just above the letter's signature block, the letter stated, "[h]urry! This offer expires 11/18/2009 [sic]." *Id.* ¶ 77. Unlike the Welcome! Letter, the second letter did not contain the phrase "[w]e are not obligated to renew any offers provided." *Id.* ¶ 78.

The third letter was dated December 26, 2019. Compl. ¶ 82. Embossed on the envelope were the phrases "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED." *Id.* ¶ 84. The contents of the third letter repeated the offer in the second letter but with extended deadlines. *Id.* ¶¶ 90–95. The third letter did not contain the phrase "[w]e are not obligated to renew any offers provided." *Id.* ¶ 96.

Landrum filed this suit against MCM on February 28, 2020, raising thirteen FDCPA claims. (D.E. 1) Citing Rule 12(c), MCM moved to dismiss the first four counts of the complaint, all of which relate to the words printed and embossed on MCM's envelopes. (D.E. 27) Landrum filed a response (D.E. 36), and MCM filed a reply (D.E. 37). MCM's motion is ripe for decision.

## 2. Rule 12(c) Standard of Review

A party may move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The court may dismiss a claim under

Rule 12(c) "where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Garza v. Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).

In analyzing the complaint, courts apply the same standard as that for Rule 12(b)(6). *Garza*, 972 F.3d at 727 (quoting *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020)). Courts accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Great Plains Tr. Co.*, 313 F.3d at 312–13 (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). Courts do not accept conclusory allegations or unwarranted deductions of fact. *Id.* at 313 (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)).

*3. Analysis*

   *A. Count One: Section 1692f(8) of the FDCPA*

MCM seeks to dismiss Count One of Landrum's complaint, which alleges that MCM's envelopes bearing the phrases "time sensitive document," "important information enclosed," and "attention requested" violated section 1692f(8) of the FDCPA, which "prohibits any markings on debt collection letter envelopes besides the name and address of the sender and the addressee." *Goswami*, 377 F.3d at 492 (construing section 1692f(8)). MCM argues that those phrases and words are "benign markings" as defined under *Goswami* and do not violate the FDCPA.

In *Goswami*, the Fifth Circuit Court of Appeals found subsection eight of section 1692f to be subject to two conflicting interpretations, one when read in isolation and one when read together with the section's preface. *Goswami*, 377 F.3d at 493. The Fifth Circuit determined that the former interpretation barred all markings from envelopes of debt collection letters except for the names and addresses of the parties while the latter "only prohibit[ed] markings . . . that are unfair or unconscionable, such as markings that

3

would signal that it is a debt collection letter and tend to humiliate, threaten or manipulate debtors." *Id.*

Finding that either interpretation was reasonable, the Fifth Circuit concluded that the statute was ambiguous and looked beyond the plain meaning of the statute for guidance. *Id.* The statute's legislative history, the Federal Trade Commission's interpretation of the subsection, and the caselaw adopting a "benign language exception" convinced the Fifth Circuit that the correct interpretation allowed benign or harmless language on debt collection envelopes. *Id.* at 493-94. Applying the exception to the marking at issue in that case, the court concluded that "priority letter" was a "benign marking" excepted from the FDCPA prohibition because it did not "intimate[] that the contents of the envelope relate[d] to collection of delinquent debts, and thus the language [was] neither threatening nor embarrassing." *Id.* at 494.

This court finds no meaningful difference between "priority letter" and the language at issue in this case. The phrases "time sensitive document," "important information enclosed," and "attention requested" are not unfair or unconscionable on their face. They do not tend to humiliate, threaten, or manipulate a debtor. These phrases could be used in connection with virtually any mailing, advertisement, or offer. There is nothing about the language MCM used that is specific to a debt or a collection effort. Therefore, under *Goswami*, they are benign markings that do not violate section 1692f(8).

The analysis does not stop there. The question raised in this case is whether this court is bound by the Fifth Circuit's decision in *Goswami*. Landrum cites *Preston v. Midland Credit Mgmt.*, 948 F.3d 772 (7th Cir. 2020), *Donovan v. FirstCredit, Inc.*, No. 20-3485, ____ F.3d ____ (6th Cir. Dec. 18, 2020), and the Bureau of Consumer

Financial Protection's[1] recent revisions to Regulation F, 12 C.F.R. Part 1006, Regulation F, https://files.consumerfinance.gov/f/documents/cfpb_debt-collection_final-rule_2020-10.pdf (last visited Dec. 30, 2020). Based on this recent authority, Landrum asks this court to disregard *Goswami* and the benign language exception it recognized. (D.E. 36, 38, 42.)

This court is bound by Fifth Circuit precedent. *Lopez v. City of Houston*, Civil Action No. H-09-0420, 2009 WL 1456487, at *15 (S.D. Tex. May 22, 2009) ("[I]t is well established that a federal district court must generally apply an interpretation of law articulated by its circuit court of appeals.") (quoting *Perez v. Brown & Williamson Tobacco Corp.*, 967 F. Supp. 920, 925 (S.D. Tex. 1997)). Whether this court agrees with *Goswami* is irrelevant. *Goswami* is binding precedent.

Even the Fifth Circuit itself adheres to the "'rule of orderliness,' under which a panel may not overturn a controlling precedent 'absent an intervening change in law, such as by a statutory amendment, or the Supreme Court, or [the] en banc court.'" *Vaughan v. Anderson Reg'l Med. Ctr.*, 849 F.3d 588, 591 (5th Cir. 2017); *see also Baisley v. Int'l Ass'n of Machinists & Aerospace Workers*, ___ F.3d ___, 2020 WL 7586507, at *2 (5th Cir. 2020) (quoting *United States v. Kirk*, 528 F.2d 1057, 1063 (5th Cir. 1976)) ("We are bound to follow a prior panel's opinion 'until the decision is overruled, expressly or implicitly, by either the United States Supreme Court or by the Fifth Circuit sitting en banc.'"). The rule holds even when the earlier panel's interpretation of the law appears incorrect. *Vaughan*, 849 F.3d at 591. Moreover, an intervening change in the law must be binding precedent for a panel to depart from established precedent. *Id.* at 593. An agency's interpretation of the law is not binding precedent and does not overcome the rule of orderliness. *Id.* (citing *Spong v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 787 F.3d 296, 306 (5th Cir. 2015)). If a

---

[1] The Bureau of Consumer Financial Protection is authorized to administer, enforce, and implement the provisions of Federal consumer financial law. 12 U.S.C. § 5512 (a).

5

panel of the Fifth Circuit would be bound by *Goswami*, this court certainly has no authority to overrule it.

The court recommends that Count One be dismissed with prejudice under Rule 12(c).

*B. Count Two, Three, and Four: Section 1692e of the FDCPA*

MCM seeks to dismiss Counts Two, Three, and Four of Landrum's complaint, which allege that the markings on the envelopes created a false sense of urgency to the least sophisticated consumer, in violation of sections 1692e, 1692e(2)(A), and 1692e(10) of the FDCPA. MCM argues that the holding in *Goswami* disposes of Count Four as a matter of law.

The FDCPA provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of—
>
>> (A) the character, amount, or legal status of any debt
>
> . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. "[I]n determining whether the defendant's actions are deceptive under the FDCPA[, the court] must assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami*, 377 F.3d at 495. In other words, the Fifth Circuit "evaluate[s] whether a collection letter violates § 1692e by viewing the letter from the perspective of an 'unsophisticated or least sophisticated consumer.'" *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680, 681, 683 (2020) (internal quotation marks and alteration omitted) (quoting *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507,

6

511 (5th Cir. 2016)) (deciding, as a matter of law, that the "simple statement" in the dunning letter was not false, deceptive, or misleading because it "would have been clear even to an unsophisticated borrower thousands of years ago, just as it would be today").

In *Goswami*, the court held that the phrase "priority letter" and the word "amnesty" were not false, deceptive, or misleading to the least sophisticated consumer because "priority letter" is harmless and "amnesty" clearly referred to the debt forgiveness offer in the body of the letter. *Goswami*, 377 F.3d at 495 (finding that "consumers, even unsophisticated consumers, would not believe otherwise"). Similarly, the phrases "important information enclosed" and "attention requested" on the letters MCM sent to Landrum are not false, deceptive, or misleading representations, even from the perspective of unsophisticated consumers. On its face, "important information enclosed" is a true statement. The contents of the letter pertain to a debt that Landrum owed. Characterizing the debt as important is not a falsity. The same is true of "attention requested." MCM was, in fact, requesting Landrum's attention.

On the other hand, an unsophisticated consumer could find the phrase "time sensitive document" false, deceptive, or misleading based on the contents of the letters sent to Landrum. Landrum has alleged that she received two envelopes marked "time sensitive document" and a third envelope without that marking. Compl. ¶¶ 43–101. Landrum alleges that it was not apparent to her that the documents she received from MCM were of a "time sensitive" nature. *Id.* ¶ 64. In her complaint, Landrum cited excerpts from the three letters contained in the envelopes. *Id.* ¶¶ 43–101. Reading the allegations in the light most favorable to Landrum, the first letter failed to indicate what was time sensitive. *Id.* ¶¶ 43–64. The second letter included an offer with an expiration date, but that offer was renewed in the third letter, which undermines the veracity of the phrase "time sensitive document." *Id.* ¶¶ 65–101.

7

The court recommends that MCM's motion as to Counts Two, Three, and Four be granted as to the phrases "important information enclosed" and "attention requested" and denied as to the phrase "time sensitive document."

*4. Conclusion*

The court recommends that MCM's Rule 12(c) motion be granted in part and denied in part.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on December 31, 2020.

_____
Peter Bray
United States Magistrate Judge